IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMY BRENHAM, | § | |
| Plaintiff | § | CIVIL ACTION NO. 1:14-cv-1065 |
| | § | |
| vs. | § | **COMPLAINT** |
| | § | |
| THE SCHREIBER LAW FIRM, PLLC, | § | Jury Trial Demanded |
| Defendant | § | |

## NATURE OF ACTION

1. This is an action for damages brought by Plaintiff Amy Brenham ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Amy Brenham ("Plaintiff") is a natural person who at all relevant times resided in the State of Texas, County of Williamson, and City of Round Rock.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant The Schreiber Law Firm, PLLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated June 23, 2014.

12. A true and accurate copy of Defendant's June 23, 2014 correspondence is attached to this complaint as Exhibit A.

13. The June 23, 2014 correspondence attempted to convey the amount of the Debt by stating as follows: "Amount Due: 5729." *See* Exhibit A.

14. Defendant's June 23, 2014 initial correspondence failed to properly convey the amount of the Debt because the identified amount due is subject to 2 reasonable interpretations, one of which is necessarily inaccurate: I.e., that the balance is either $57.29 or $5,729.00.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

15. Plaintiff repeats and re-alleges each and every factual allegation above.

16. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representation or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

17. Plaintiff repeats and re-alleges each and every factual allegation above.

18. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to clearly disclose in the initial written communication with Plaintiff or in writing within five days after the initial communication, the amount of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 25, 2014.

                 Respectfully submitted,

              By: /s/ Joseph Panvini
              Joseph Panvini
              Arizona Bar # 028359
              Thompson Consumer Law Group, PLLC
              5235 E. Southern Ave. D106-618
              Mesa, AZ 85206
              Telephone: (602) 388-8875
              Facsimile: (866) 317-2674
              jpanvini@consumerlawinfo.com

              By: /s/ Russell S. Thompson IV
              Russell S. Thompson, IV
              Arizona Bar # 029098
              Thompson Consumer Law Group, PLLC
              5235 E. Southern Ave., D106-618
              Mesa, AZ 85206
              Telephone: (602) 388-8898
              Facsimile: (866) 317-2674
              rthompson@consumerlawinfo.com

              Attorneys for Plaintiff